UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| THE STRAUSS COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:08-CV-208 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| THE CHARTER OAK FIRE INSURANCE ) | |
| COMPANY and WEST AMERICAN ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Defendant West American Insurance Company ("West American") removed this case to the Court under 28 U.S.C. §§ 1332(a) & 1441(a) (Court File No. 1). Before the Court is Plaintiff The Strauss Company Inc.'s motion to remand the case to state court (Court File No. 4) and supporting memorandum (Court File No. 5). West American filed a response to the motion to remand (Court File No. 6) and Plaintiff filed a reply (Court File No. 7). For the following reasons, the Court will **GRANT** Plaintiff's motion and will **REMAND** the case to state court.

**I. PROCEDURAL HISTORY**

On July 28, 2008, Plaintiff filed a complaint in the Chancery Court of Hamilton County, Tennessee, against West American and The Charter Oak Fire Insurance Company ("Charter Oak"), alleging breach of contract claims (Court File No. 1 Ex. A). West American filed its notice of removal, together with all required supporting filings, with this Court on September 2, 2008 (Court File No. 1).

Plaintiff filed its motion to remand and supporting brief on October 2, 2008 (Court File Nos. 4–5). In its response to Plaintiff's motion to remand, West American argued remand was improper because Charter Oak had not properly been served with process and hence could not join in West American's notice of removal, even though joining the notice was required by the rule of unanimity (Court File No. 6). Plaintiff replied, arguing that West American was served in the same manner as Charter Oak and did not challenge the adequacy of service on itself (Court File No. 7).

On December 1, 2008, Charter Oak filed an answer to Plaintiff's complaint, which did not challenge sufficiency of service of process (Court File No. 8). On December 9, 2008, in response to the Court's order (Court File No. 9), Plaintiff filed oaths by the designated agent for service of process showing that both West American and Charter Oak had been served with the complaint (Court File No. 10).

## II.     STANDARD OF REVIEW

A defendant may remove any civil action filed in state court to federal court if the district court would have had subject matter jurisdiction had the case been originally filed in federal court. 28 U.S.C. § 1441. The removing party bears the burden of establishing removal was proper. *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). In any case removed from state court, the federal district court shall remand the case if it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is construed strictly and narrowly against removal. *Her Majesty the Queen*, 874 F.2d at 339. If doubt exists as to the propriety of removal, the case should be remanded to state court. *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977).

**III. DISCUSSION**

As grounds for its motion to remand, Plaintiff argues the rule of unanimity required all defendants to consent to removal, either by joining in the removal or by filing a written consent thereto. Plaintiff argues that though Charter Oak was served on August 1, 2008, it never joined in the removal or filed a consent by September 2, 2008, and thus did not consent. Accordingly, Plaintiff maintains the removal was improper, requiring a remand to state court.

West American argues an exception to the rule of unanimity exists for a nonjoining defendant which has not been served with service of process when a removal petition is filed.[1] It submits Charter Oak was not properly served under Tennessee law, so the rule of unanimity does not apply and Plaintiff's motion to remand should be denied. Alternatively, it argues Plaintiff failed to specify an amount in controversy, drawing into question this Court's subject matter jurisdiction over the removed complaint.

Under the federal removal statute, a defendant must file its notice of removal "within thirty days after the receipt . . . through service or otherwise, of a copy of the initial pleading setting forth the clam for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). When there are multiple defendants, "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 529 n.3 (6th Cir. 1999). And "all defendants in

---

[1] In support of this proposition, West American cites an unpublished Sixth Circuit opinion. *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, 1994 WL 91786, at *3 n.8 (6th Cir. 1994) (unpublished table decision) (listing, as an exception to the rule of unanimity, a situation where "the non-joining defendant has not been served with service of process at the time the removal petition is filed").

the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable." *Loftis v. United Parcel Serv.*, 342 F.3d 509, 516 (6th Cir. 2003). "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Id.*

While West American urges the Court to interpret the removal statute's unanimity requirements loosely, and to find that Plaintiff did not comply with Tennessee law for service of process, the Court concludes it need not reach these arguments. Charter Oak's December 1, 2008 filing of its answer contained no defense asserting insufficient service of process. Fed. R. Civ. P. 12(b)(5). A party waives such a defense when it omits to file a Rule 12(b) motion before its answer or does not include the defense in its answer. Fed. R. Civ. P. 12(h); *see also Fisher v. Merryman*, 32 F. App'x 721, 723 (6th Cir. 2002) ("[T]he defense of insufficiency of service of process may be waived if not raised in a responsive pleading."). Because any such defense has been waived by Charter Oak's failure to assert it in its answer, West American cannot argue insufficiency of service of process prevented Charter Oak from joining in the removal petition. The designated agent's oath demonstrates Charter Oak was served with the complaint (Court File No. 10); hence, its failure to join the removal petition is fatal to West American's opposition to remand under the rule of unanimity.

As for West American's argument that Plaintiff failed to specify an amount in controversy, it is true that Plaintiff's complaint did not enumerate a specific figure. It is also true that all defendants "must join in the removal petition or file their consent in writing within thirty days of

4

receipt of . . . a summons when the initial pleading demonstrates that the case is one that may be removed." *Loftis*, 342 F.3d at 516. In other words, West American argues that by failing to specify an amount in controversy, Plaintiff did not trigger the thirty day period for Charter Oak to join the notice of removal. However, the Court is unpersuaded by this argument because West American has already acknowledged there was a sufficient amount in controversy. *See* Court File No. 1 ¶ 8 (arguing for removal because it was "clear that the case involved a sum well in excess of the $75,000 minimum"). West American wants to have its cake and eat it too; having agreed the amount in controversy requirement was satisfied so it could remove the case, West American cannot now argue the requirement was *not* satisfied so it can contest remand. The Court must reject this argument.

**IV.     CONCLUSION**

West American can overcome neither the rule of unanimity requirement of the federal removal statute, nor the narrow interpretation of that statute against removal. The rule of unanimity requirement for removal of cases with multiple defendants was not satisfied here. For the foregoing reasons, the Court will **GRANT** Plaintiff's motion and will **REMAND** the case to state court.

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**